UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA AFIFI, <br>            Plaintiff, <br>     v. <br> MCLAUGHLIN & SANCHEZ LLP, et al., <br>            Defendants. | Case No. 25-cv-07984-JCS <br><br> **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED** |

## I. INTRODUCTION

Plaintiff applied to proceed in forma pauperis and the Court granted her application. *See* Docket No. 5. The Court now reviews the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not appear to allege federal jurisdiction or plausibly state a claim, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed. Plaintiff may file either an amended complaint or a response to this order addressing why her complaint is sufficient, no later than **October 21, 2025**.

## II. BACKGROUND

In her Complaint, Plaintiff names as Defendants Darryl Yorkey, McLaughlin Sanchez LLP, Michael McLaughlin and Andre Sanchez, who she alleges represented Tina Chiang in a lawsuit asserted against Plaintiff and engaged in various forms of misconduct. Although Plaintiff does not specifically identify the lawsuit in which the alleged misconduct occurred, the Court takes judicial notice that Plaintiff repeatedly removed to this Court an unlawful detainer action brought against her in Alameda County Superior Court by Tina Chiang. *See* 23-cv-6235-JD, *Chiang v. Afifi* (removing Alameda County Superior Court case no. 23CV42037); 24-cv-1342-JD, *Chiang v. Afifi* (same); 24-cv-1665-AMO, *Chiang v. Afifi* (same); and 24-cv-3242-RFL, *Chiang v.*

*Afifi* (same).[1]  In those cases, Chiang was represented by McLaughlin Sanchez LLP, with attorney Darryl Yorkey, of that firm, listed as counsel of record.

Plaintiff alleges that Yorkey "engaged in a campaign of procedural manipulation-filing defective documents, making false representations, and interfering with Plaintiff's access to justice" and that the remaining defendants, "[d]espite being repeatedly c/c'd on communications documenting this misconduct, . . . failed to respond, failed to intervene, and continued to allow the misconduct to persist." Compl. at 2.  She asserts the following claims:  1) negligent supervision; 2) enabling harassment and procedural abuse; 3) violations of professional conduct rules (California Rule 8.4); 4) sanctionable conduct under FRCP 11 and CCP § 128.7; 5) intentional infliction of emotional distress; and 6) abuse of process. In her complaint, Plaintiff does not specify the basis for asserting federal jurisdiction.

## III.   ANALYSIS

### A.   Legal Standards Under 28 U.S.C. § 1915

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).  In addition, the Court must dismiss a complaint where no basis for federal jurisdiction is apparent from the allegations.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  "The Court need not dwell on the sufficiency of the Complaint [where it] lacks subject-matter jurisdiction over the [p]arties' dispute[.]" *RM White LLC v. Ramirez*, No. 24-CV-00485-SVK, 2024 WL 1051000, at *2 (N.D. Cal. Feb. 14, 2024), report and recommendation adopted, No. 24-CV-00485-PCP, 2024 WL 6841817 (N.D. Cal. Apr. 8, 2024).

---

[1] Plaintiff also removed a similar unlawful detainer action filed by Chiang in Alameda County Superior Court, case no. 25CV109250 in 25-cv-2074-CRB, *Chiang v. Afifi*. In addition, Plaintiff has filed several other actions in this Court that appear to involve the same rental dispute. *See* 25-cv-6295-EMC, *Afifi v. Kerab*; 25-6702 KAW, *Afifi v. ZCA Homes, et al.;* 25-cv-6703-AGT, *Afifi v. Beckman Feller and Chang*; and 25-6973-AGT, *Afifi v. Chiang*.

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B.     Discussion**

Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. The two most common forms of federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists where all plaintiffs are citizens of different states from all defendants and at least $75,000 is in controversy.

Here, Plaintiff has not asserted any federal claims in her complaint. Nor has she alleged facts suggesting that there is diversity jurisdiction in this case. The Court notes that the docket in Case 23-cv-6235 JD lists Darryl Yorkey's address as being in Berkeley, California while the docket in Case 24-cv-1665 AMO lists a San Francisco address for Yorkey – the same address that is reflected on the removed state court pleadings for McLaughlin Sanchez LLP. Thus, it does not appear that there is diversity of citizenship as required under Section 1332. It also is not apparent that Plaintiff can allege at least $75,000 is in controversy given that the alleged misconduct occurred in an unlawful detainer action in which the plaintiff specified that less than $25,000 was in controversy. Therefore, Plaintiff has failed to establish that there is federal jurisdiction over this case.

3

## IV. CONCLUSION

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of federal jurisdiction. Plaintiff may respond by filing either an amended complaint that addresses the deficiencies discussed above or a response that addresses why her current complaint is sufficient. Plaintiff's response shall be filed by October 21, 2025. If Plaintiff does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any amended complaint must include the caption and civil case number used in this order (19-cv-06894) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue.

**IT IS SO ORDERED.**

Dated: October 7, 2025

JOSEPH C. SPERO
United States Magistrate Judge